# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303



John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 06, 2014

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 14-12018-CC
Case Style: Gary Carroll v. Third Point, LLC, et al
District Court Docket No: 9:11-cv-81173-KLR

The enclosed copy of this Court's Order of Dismissal is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Joe Caruso
Phone #: (404) 335-6177

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 14-12018-CC

GARY DONALD CARROLL,

 Plaintiff-Appellee,

versus

THESTREET.COM, INC.
a Delaware Corporation, et al.,

 Defendants,

THIRD POINT, LLC,
a Delaware limited liability company,
THIRD POINT ADVISORS, L.L.C.,
JAMES L. CARRUTHERS,

 Defendants-Appellants.

Appeal from the United States District Court
for the Southern District of Florida

Before: TJOFLAT, ROSENBAUM and JULIE CARNES, Circuit Judges.

BY THE COURT:

Appellee Gary Carroll's motion to dismiss the appeal for lack of jurisdiction is GRANTED. The district court's April 10, 2014 order denying appellants' motion for an order to show cause why Carroll and his attorneys should not be held in contempt and sanctioned was not a final or otherwise appealable order.

The 28 U.S.C. § 1292(a)(1) exception for orders respecting injunctions does not apply. Neither the order nor the previous order it supposedly modified were identified as injunctions. Accordingly, the April 10, 2014 order could only be challenged as such if it was shown that it likewise would have such a serious, perhaps irreparable, consequence and could be effectually challenged only by immediate appeal. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1290 (11th Cir. 2010). Because the relief sought may be obtained on review after final judgment, appellants have not shown any such irreparable consequences. *See Admin. Mgmt. Servs., Ltd., Inc. v. Royal Am. Managers, Inc.*, 854 F.2d 1272, 1279 (11th Cir. 1988).

For similar reasons, the order is not appealable under the collateral order doctrine, which also requires that an order be effectively unreviewable on appeal from a final judgment. *See Hofmann v. De Marchena Kaluche & Asociados*, 642 F.3d 995, 997-98 (11th Cir. 2011). Even if we grant appellants' premise that the order was actually a denial of their assertion of a journalist's privilege under Fla. Stat. § 90.5015, no immediate appeal would lie from such a denial of privilege. *See, e.g., Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 109-10, 130 S.Ct. 599, 606-07, 175 L.Ed.2d 458 (2009) (rejecting immediate appeal under collateral order doctrine of denial of assertion of attorney-client privilege). We cannot discern from the record below, the statute, or the available case law thereunder any basis for appellants' claim that the journalist's privilege also functions as an immunity from suit.

For the above reasons, this appeal is DISMISSED for lack of jurisdiction, and any motions that remain pending are DENIED as moot.